# Magehan *against* Thompson.

As the credibility of a witness must be judged of by the jury, any evidence which tends to affect it is competent.

ERROR to the Common Pleas of *Huntingdon* county.

James Thompson against Jacob Magehan, surviving partner of William Richardson. This was an action of debt brought into court by appeal from the judgment of a Justice of the Peace, and the only question which arose is stated in the opinion of the court.

*Wilson,* for plaintiff in error.
*Miles,* for defendant in error.

The opinion of the Court was delivered by

Burnside, J. — The only assignment of error worthy of consideration in this case, is the exception of the defendant below to the admission of the petition and discharge of Jacob Magehan, Jun., as an insolvent debtor. This will be found without difficulty when the case is stated and the question understood. A material inquiry on the trial was whether Jacob Magehan, the defendant, was a partner in the purchase of the cattle and in the butchering of them with Richardson. Thompson had given evidence in chief of the sale of the cattle, and some evidence of the partnership. To rebut this, the defendant had examined his son, who had been discharged as an insolvent debtor, and had bought the cattle from Thompson in Clearfield, who proved that he had been at one time in partnership with Richardson in the butchering of Lewis's cattle. There was a detailed examination of this witness. He swore that he believed Richardson to be in his debt, but he did not return him as a debtor because the account was not settled; that he did

[Magehan v. Thompson.]

not return him as a creditor, because he thought he was paid. To discredit him, the plaintiff Thompson offered his insolvent petition, with the oath and return of debts and credits, as evidence to the jury. It is true, that with the witness's explanation there was no direct contradiction; but it was believed to have some relevancy. As the jury were the exclusive judges of the credit of the witness, as well as the weight of the evidence, we cannot say there was error in admitting the insolvent petition of the witness, and the return he made of his debts and credits, for the purpose for which it was offered.

Judgment affirmed.