JOHN THOMAS, Garnishee of PAUL JONES *vs.* JOHN
O. PRICE, use of THOMAS WARD.

### *Admissibility of Evidence.*

Entries made in a book by a party as they were read off to him by another, from memorandum books kept by the latter, and he alone possessing any knowledge of the correctness of the charges originally entered, are not admissible as evidence.

In a case of attachment on judgment, it is not competent for the garnishee, to support the plea of *nulla bona,* to give in evidence the declarations and admissions of the defendant in the original action, he not being a party to the attachment proceedings.

APPEAL from the Court of Common Pleas.

*Attachment* on judgment. Thomas Ward, to whose use a judgment, obtained by John O. Price, against Paul Jones, had been entered, issued an attachment thereon, which was laid in the hands of the appellant. The appellant appeared and pleaded *nulla bona.*

Two exceptions were taken to the rulings of the Court of Common Pleas, by the garnishee, which will be found sufficiently stated in the opinion of this Court. Judgment was rendered against the garnishee, and he prosecuted this appeal.

The cause was argued before BARTOL, C. J., GRASON, MILLER and ROBINSON, J.

*John P. Poe,* for the appellant.

*Bernard Carter,* for the appellee.

GRASON, J., delivered the opinion of the Court.

Two exceptions were taken to the rulings of the Court below, by which certain evidence offered by the appellant, was not permitted to go to the jury, and which constitute the grounds of this appeal.

The Court below refused to permit the witness, Hancock, to read to the jury, as evidence to sustain the garnishee's case, certain entries in a book, made by him, not from his own knowledge of the transactions between the garnishee and Paul Jones, nor of the correctness of the items of the charges in the account of the former against the latter, but made exclusively from what was read to him by the witness, Lea, from memorandum books, the entries in which were made by Lea, who alone possessed any knowledge of the account between the garnishee and Paul Jones, and of the correctness or incorrectness of the items therein charged. The book which Hancock was about to read, was not a book of original entries, but was a mere copy of the memorandum books kept by Lea. Such a book was not admissible as evidence, and the Court below committed no error in refusing to allow its contents to be read to the jury. *Green vs. Caulk*, 16 *Md.*, 573.

The witness, Lea, then proved the number of horses kept at livery, by the appellant, for Paul Jones, and the number of days they were so kept, during several months of the year 1864, and that the charge for each horse was seventy-five cents a day, the aggregate sum for such livery being $311.75, and that the appellant had pastured horses of Paul Jones, at Mr. Gilmor's, and had paid him therefor, $100. The appellant then offered to prove by the same witness that he had presented the account of the appellant for livery to Paul Jones, on the 27th August, 1864, and that Jones then admitted that he owed the appellant over $400, for livery. The appellee objected to the admissibility of the declarations or admissions of Paul Jones, as evidence; the objection was sustained, and the evidence not permitted to be given, and this forms the ground of the second exception. Paul Jones was not a party to the suit, and therefore his declarations and admissions were inadmissible to affect the rights of the appellee. It was competent for the appellant to prove that Paul Jones was indebted to him *at the time* of the laying the attachment in his hands, but it was incumbent upon him to

prove it by legal evidence. The offer, by the appellant, was to prove an indebtedness by Paul Jones to him at a period of time, two years and six months previously to the time of issuing the attachment, and by proof that was not legally admissible, and without any offer to prove that the indebtedness of Paul Jones, to the appellant, continued down to the time at which the attachment was issued. Paul Jones was a legal and competent witness to prove his indebtedness to the appellant, and that it still continued, and should have been called; or the appellant himself could have proved those facts. Neither of them, however, was sworn as a witness in the cause. Paul Jones' admissions were not the best evidence of which the case admitted, were not admissible, and were properly not permitted to go to the jury. There was therefore no error in the rulings of the Court below, and its judgment must be affirmed.

*Judgment affirmed.*

(Decided 30th April, 1869,)