## PETER H. HEISKELL, JR., *vs*. HESTER J. ROLLINS.

*Admissibility of Entries made in Course of Business by Clerk—Defective Bill of Exceptions.*

Entries made in the regular course of business, by a clerk who has no interest in stating an untruth, are admissible in evidence upon proof of his handwriting, when such clerk is out of the jurisdiction of the Court so that his attendance cannot be procured.

This Court will not decide a matter argued at bar, but which is so vaguely stated in the bill of exception that the Court cannot ascertain what precise question was ruled upon by the Court below.

Appeal from the Circuit Court for Prince George's County. The former appeal is reported in 81 Md. 397. The second bill of exceptions referred to in the opinion of the Court is as follows: "To sustain the issues joined in the above entitled cause, the plaintiff offered to prove the consideration of a note that had been offered in evidence by the defendant, and allowed to go to the jury, executed by W. W. Rollins to the plaintiffs, and all the circumstances attending the execution and delivery of said note, in rebuttal, and which note the plaintiff claimed defendant had given to plaintiff to take up and renew the same, which had been disputed and denied by the defendant, and the plaintiff having previously testified that the note sued on was made up of the W. W. Rollins note herein mentioned, with interest on the same, which had been given to take up an indebtedness of defendant's husband in his lifetime, and the defendant objected, which objections the Court sustained; to which ruling the plaintiff excepts and prays the Court to sign and seal this his second bill of exceptions, which is accordingly done," etc.

The cause was submitted to Bryan, McSherry, Fowler, Briscoe and Roberts, JJ., on briefs filed by *W. I. Hill* and

*Chas. H. Stanley,* for the appellant, and *Geo. C. Merrick,* for the appellee.

McSherry, J., delivered the opinion of the Court.

During the last April term of this Court an appeal in this case was dismissed, because it had been prematurely taken. The record is again before us upon a subsequent appeal entered in due season, and the questions that it brings up, or purports to bring up, are contained in two bills of exception. The suit below was instituted by the appellants against the appellee, upon two promissory notes and an open account. Several pleas were filed, and upon these issues appear to have been joined. The verdict of the jury and the judgment thereon were in favor of the appellant, for the amount of but one of the promissory notes. During the progress of the trial the appellant, to establish the items of the open account, produced a witness to prove the handwriting of the clerk who had made the entries on the plaintiff's day-book. This witness testified that he had been informed the clerk was in England; that an effort had been made to produce him as a witness, and that when last in this country he was beyond the jurisdiction of the Court. The defendant objected to any proof of the clerk's handwriting; the Court sustained that objection and the plaintiff excepted. This is the ruling complained of in the first bill of exception.

We think there was error in this ruling. The proffered evidence falls within one of the well-recognized exceptions to the general rule excluding hearsay evidence. It has been long held that entries made by a clerk in the regular course of business, he having no interest at the time in stating an untruth, should be received in evidence after the clerk's death on proof of his handwriting. 1 *Smith's Lead. cases,* 142. The rule has been extended to cases of insanity. *Holbrook* v. *Gay,* 6 Cush. 216; and several of the cases referred to in the note in 1 *Smith's Lead. cases,* have held such entries equally admissible where the witness is absent from the State.

This Court adopted that doctrine in *Reynolds, admr.,* v. *Manning, Stimpson & Co.,* 15 Md. 523, which was approved in *Morris & Co.* v. *Columbia Iron Works,* 76 Md. 357. It is obvious that precisely the same reasons that justify, after the decease of the clerk, the admission in evidence of the entries made by him in the regular and accustomed course of his employment, warrant the admission of similar entries, if his attendance as a witness cannot be procured by reason of his being beyond the seas, or out of the jurisdiction of the Court where the cause in which his evidence is required may be pending. The inability to produce the witness if he be dead permits proof of his handwriting to be given as sufficient to establish *prima facie* the truth of the entries he has made ; and a like inability arising from his absence from the State, and from his being therefore beyond the reach of the process of the Court and not accessible to a commission, is equally a good ground for admitting proof of his handwriting. The proffered evidence was, consequently, competent and should have been admitted.

The second exception is so obscurely and vaguely stated that we are unable to determine what precise question was ruled on or how it related to the controverted issues. We are consequently prevented from expressing any opinion on the question argued in the briefs, but not set forth with sufficient clearness in the exception.

Because of the error indicated in the first exception the judgment must be reversed, and a new trial will be awarded.

*Judgment reversed with costs above and below, and new trial awarded.*

(Decided November 15th, 1895.)