# THE PENNSYLVANIA RAILROAD COMPANY vs. OREM FRUIT AND PRODUCE COMPANY.

*Action Against Carrier for Failure to Ice Refrigerator Car According to Bill of Lading—Damage to Perishable Goods— Evidence—Admissions of Agent—Motion to Strike Out Testimony.*

On July 19th, the plaintiff company shipped four hundred and seventy-nine crates of tomatoes in a refrigerator car from Baltimore to Montreal, Canada, under a bill of lading which provided that the car should be re-iced at Wilkes-Barre and Oneonta. The defendant was an intermediate carrier, receiving the car at Sunbury and carrying it to Wilkes-Barre, two hundred and thirteen miles from Baltimore, and there delivering it to the D. & H. R. R. Co., a connecting carrier with which the defendant had a through billing arrangement. Oneonta was on the line of the latter company and one hundred and sixty-seven miles from Wilkes-Barre. The plaintiff's declaration alleged that the defendant negligently failed to re-ice the car at the two points named, by reason whereof the tomatoes arrived at their destination in a heated and damaged condition. The evidence on the part of the plaintiff showed that the tomatoes were shipped in good condition and the car properly iced; that when it arrived at Montreal on July 22nd, the ice tanks were empty, and the tomatoes heated and spoiled; that the car was not re-iced at either Wilkes-Barre or Oneonta; also that if the car had been re-iced at those points, the tomatoes would have been in good condition on their arrival at Montreal. There was also testimony as to what the value of the tomatoes would have been if in good condition, and the amount realized from their sale. *Held,* that this evidence, if found to be true by the jury, is legally sufficient to entitle the plaintiff to recover.

The original account sales of goods, rendered to the shipper by his consignee, is admissible to show the amount realized from the sale of the shipment.

In order to prove the amount of loss suffered by the plaintiff on account of failure of a carrier properly to ice a refrigerator car containing tomatoes, a witness may be asked what price the tomatoes would have brought if they had arrived in as good a condition as they ordinarily did arrive.

Admissions made by a general freight agent of a railway company are competent evidence.

A witness who had been a shipper of fruit and vegetables over a certain route may be asked whether, if a car had been iced a ta certain place, when the thermometer ranged between certain degrees, the ice would have lasted until the car reached another place.

And such witness may also state the result of his experience with shipments made in refrigerator cars which passed through different temperatures.

A motion to strike out testimony which was admitted without objection is addressed to the discretion of the trial Court.

When a bill of lading provides that a refrigerator car shall be re-iced at certain points, which was not done, evidence on the part of the defendant carrier that under its rules cars are not re-iced unless the ice in the tanks has melted to a certain extent is not admissible.

*Decided June 29th, 1909.*

Appeal from the Superior Court of Baltimore City (ELLIOTT, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, WORTHINGTON and HENRY, JJ.

*Shirley Carter,* for the appellant.

*O. Parker Baker* and *George E. Robinson,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The principles of law applicable to the facts of this case were settled on a former appeal between the same parties reported in 106 Md. 1. The substantial facts are practically the same, and we will consider the questions raised on the various exceptions, as bearing on this appeal.

The action was originally instituted in the Baltimore City Court but the case was subsequently removed to the Superior Court of Baltimore City. The trial resulted in a verdict and judgment in favor of the Northern Central Railroad, one of the defendants, and a judgment in favor of the plaintiff against the Pennsylvania Railroad Company, the appellant corporation, also one of the defendants, for the sum of $449.50. And from the last mentioned judgment the defendant has appealed.

The declaration alleges that on the 19th day of July, 1904, the defendants were common carriers of goods for hire from Baltimore to divers places in the United States and Canada; that on said date, at Baltimore, Maryland, the plaintiff delivered to the Northern Central Railway Company, a branch of the defendant, the Pennsylvania Railroad Company, divers goods of the plaintiff, to wit: four hundred and seventy-nine crates of tomatoes to be carried in refrigerator cars from Baltimore to Montreal, Canada, and there to be delivered to J. R. Clogg and Company by said ddefendants, at the same time agreeing with the plaintiff to re-ice said refrigerator car in which said tomatoes were shipped at Wilkes-Barre, Pa., and Oneonta, New York, which the defendants negligently failed to do, also the defendants neglected their duty and did not safely carry said goods to the aforesaid place, and by reason of said neglect to safely carry and re-ice said tomatoes as aforesaid, the said goods were wholly lost and destroyed whereby the plaintiff suffered great loss and damages, to wit, the value of said tomatoes.

The facts relied on by the appellee to sustain the action are these: The plaintiff had been a large shipper of fruit and produce from Baltimore City, their place of business, to

Montreal, Canada, in refrigerator cars belonging to the appellee. On the 19th of July, 1904, the appellant delivered to the appellees, as common carriers in the City of Baltimore, four hundred and seventy-nine crates of tomatoes to be carried in one of their refrigerator cars from Baltimore City to the place of destination, Montreal, Canada. The route of the car was over several systems of railroads, to wit, from Baltimore to Sunbury, Pa., over the Northern Central Railway; from Sunbury to Wilkes-Barre over the Sunbury Division of the Phil. and Erie Railroad, operated by the Pennsylvania Railroad Company; from Wilkes-Barre by the Delaware and Hudson Company to Rouse's Point, New York, and by the Grand Trunk Railroad from the last-named point to Montreal, Canada, the point of destination.

The tomatoes were received by the Northern Central Railroad Company at Baltimore in good condition and were placed in a car for transportation under the terms of a bill of lading set out in the record.

The car was inspected and properly iced in Baltimore, before leaving that city, at 5.40 P. M., on July 19th, 1904. It arrived in Montreal, on the 22nd of July, 1904, in a heated condition and the ice tanks empty. The sum realized from the sale of the tomatoes amounted to $37.59, whereas, if they had not been injured and damaged, the plaintiff would have received a larger sum.

According to the terms of the contract between the plaintiff and defendant, stated in the bill of lading, the car was to be re-iced at two points, viz, at Wilkes-Barre, Pa., on the line of appellee, a distance of about 213 miles from Baltimore, and at Oneonta, New York, on the line of the Delaware and Hudson Railroad a connecting carrier, 167 miles from Wilkes-Barre. The distance from Oneonta to Montreal being about 215 miles, making the entire route of the car 600 miles.

It further appears that one of the defendant's lines ended at Sunbury, Pa., and the other at Wilkes-Barre, Pa., but they had a through billing arrangement with the Delaware and Hudson Railroad. The re-icing of cars is noted on the card

way bill which goes with the car and is delivered to the connecting carrier. The card shows the initials, the car number, its destination, routing, and the consignee.

It is admitted that the car was not re-iced at either Wilkes-Barre, Pa., or Oneonta, N. Y., according to the terms of the bill of lading.

The witness Burroughs, assistant yard master of the Delaware and Hudson Railroad, testified, that he inspected the car at Oneonta, N. Y., on July 20th, 1904, and found the ice had melted *about a foot* from the top and he did not deem it necessary to re-ice it.

There was evidence to show that the refrigerator car was delivered by the Pennsylvania Railroad Company at Wilkes-Barre and was received by the Delaware and Hudson Railroad Company in good order. The car was inspected but not its contents.

There was evidence also to the effect that the temperature in Baltimore, July 19th, 1904, was highest 97 degrees, lowest 77 degrees; at Wilkes-Barre, on July 20th, highest 83 degrees, lowest 68 degrees; at Oneonta, on July 21st, highest 84 degrees, lowest 55 degrees; at Montreal, July 22nd, highest 72 degrees, lowest 56 degrees.

The record contains eleven bills of exception. They all relate to the rulings of the Court upon the admissibility of evidence except the eleventh, and this embraces the action of the Court in granting the plaintiff's first prayer, in rejecting the defendant's second, fourth, fifth, sixth, seventh and eighth prayers, and in overruling the defendant's special exception to the plaintiff's first prayer.

It is not disputed, as we understand, that the appellant failed to re-ice the car at Wilkes-Barre, Pa., or at Oneonta, N. Y., according to the terms of the contract, as stated in the bill of lading, and this is the ground upon which the appellee rests its right to recover in this action.

We will first consider the prayers. The plaintiff's prayer as to the measure of damages was properly granted. It submitted the correct rule for the guidance of the jury, in esti-

mating the damages.  The defendant's special exception to this prayer was properly overruled, because there was evidence legally sufficient from which the jury could find the market value of the 479 crates of tomatoes, at Baltimore on July 19th, 1904, and also the amount realized by the plaintiff for the tomatoes when sold at Montreal.

The appellant's six prayers were properly refused.  All of these prayers were practically demurrers to the evidence, and sought to withdraw the case from the consideration of the jury upon the ground that under the pleadings, there was no evidence legally sufficient to entitle the plaintiff to recover.

The evidence in this case is undisputed that the defendant company did not re-ice the car which contained the tomatoes according to contract, at two points on the route, at Wilkes-Barre, Pa., on the appellant's line, a distance of about 213 miles from Baltimore, and at Oneonta, N. Y., on the line of the D. & H. a connecting carrier.  On the contrary, the appellant's witnesses testified that they had not performed their contract to re-ice the car at the points named.  The appellants in this case rest their defence to the action upon the ground that they had transported the car with reasonable dispatch over its line to Wilkes-Barre, Pa., and there safely delivered it to the Delaware and Hudson Company for further transportation towards its destination, to wit, Montreal. Hence, they had performed every duty which they owed the plaintiff.  And this contention is made in view of the plaintiff's evidence tending to show that if the car had been re-iced at the points named, the tomatoes would have reached Montreal, their point of destination, without injury and in good condition.

Failure to re-ice the car at the points named, according to the terms of the contract between the plaintiff and defendant, as set out in the bill of lading and it appearing from the evidence that injury and damage resulted from this neglect, would be such default on the part of the carrier, as to render it liable for the damage caused thereby.  *Orem Fruit Co.* v. *N. C. Ry. Co.*, 106 Md. 1; *Meredith* v. *Railroad Co.*, 137 N.

C. 479; *Myrick* v. *R. R. Co.*, 107 U. S. 107; *U. S.* v. *Denver R. R. Co.*, 191 U. S. 84.

The ten remaining bills of exception present the rulings on the testimony and these remain to be disposed of.

The first exception embraces the rulings of the Court in permitting the original account of sales of the car containing the 479 crates of tomatoes, to be offered in evidence. This evidence was admissible for the purpose of showing the net amount realized for the tomatoes after paying freight and commissions.

The evidence objected to in the second bill of exception was properly admitted. It tended to fix the amount the plain-tiff would have received for the tomatoes, and the price the tomatoes would have brought, if they had reached their destination in good condition.

The third exception relates to the admissibility of an admission of Glanville, the general freight and claim agent of the appellant corporation, that the car had not been re-iced, according to contract.

The rule is well settled that the declarations of agents of general authority such as general managers and general freight agents may be competent, as admissions to affect the company, if made within the reasonable discharge of their duty. 16 *Cyc.*, 1021; *Burnside* v. *Grand Trunk R. Co.*, 47 N. H. 554; 93 *Am. Dec.*, 474. There was sufficient foundation laid for the introduction of this evidence, and there was no error in the Court, in admitting it.

The fourth exception presents an objection to the following question and answer "Yes" thereto: "Q. Can you state from your experience whether the car if iced at Wilkes-Barre and the thermometer there being 85 degrees as the highest and 68 degrees as the lowest on the 20th of July, 1904, whether that ice would have lasted until it got to Oneonta." The question was legal and the answer pertinent. The Court committed no error in rulings in this regard.

The fifth and sixth exceptions relate to questions asked the witness Orem by the Court as to his experience under

similar conditions, with a car iced at Wilkes-Barre, passing through different temperatures and with cars iced at Baltimore and iced at the points, at which these cars were to be iced, when they reached Montreal. There was no error in the ruling upon the matters in these exceptions, nor in the Court's refusal to strike out the answer, upon appellant's motion, which was to the effect, "we had cars a few days prior to this one that went through with similar goods, and we got top market prices for the goods, that is the best evidence of how they arrived."

The remaining exceptions require but a brief notice.

The seventh exception embrace the rulings of the Court upon a motion to strike out the statement by the witness Orem that Glanville, was the agent of the Pennsylvania Railroad Company. The refusal of the Court to strike out testimony admitted without objection, is a matter within the discretion of the Court, and is not reviewable here.

In the eighth and ninth bills of exception the defendant offered to prove the reason why the car was not re-iced at the two points, stated in the bill of lading. This character of evidence was clearly inadmissible and properly excluded.

The tenth exception embraces the rulings of the Court, in excluding as evidence, a receipt of the Fruit Companies Association, at Montreal for the car, containing the 479 crates of tomatoes. This evidence was not pertinent to the issue and was properly rejected.

Finding no reversible errors in the rulings of the Court, the judgment will be affirmed.

*Judgment affirmed with costs.*