HILTON J. DOGGETT *vs.* CHARLES TATHAM, ASSIGNEE OF THE PATAPSCO STONE COMPANY, A CORPORATION.

*Evidence; books and memoranda. Immaterial evidence; when no ground for reversal. Assumpsit; goods sold and delivered; general issue. Recoupment. Prayers. Contracts; interpretation; for the Court. Foreign depositions; leading questions; objections; how to be made.*

Evidence from books or memoranda is not admissible unless shown to have been books, etc., of original entry, or to have been made under the supervision of the witness testifying; and is not admissible when made by clerks who were not called, and who were not shown to be dead or unobtainable.

p. 150

In taking testimony under a foreign deposition, objections to questions to be propounded, on the ground that they are leading, must be made at the time of taking the depositions, with the reason therefor, so as to give to the opposite party opportunity for reforming the questions; such objections may not be raised, for the first time, at the hearing.          p. 151

The admission of immaterial evidence, while the practice is unfortunate, does not present reversible error, if it does not appear that any injury resulted therefrom to the party objecting.                                                  p. 152

In an action of *assumpsit* for the failure of the defendant to pay for goods shipped to him, on his order, by the plaintiff, the defendant, under the general issue, may introduce evidence tending to show injury suffered by him, upon which to found a claim for recoupment.                         p. 152

There can be no claim for recoupment unless there has been a breach of contract.                                p. 152

A case should never be withdrawn from the consideration of the jury, on the ground of "no evidence," if there is any evidence, however slight, proper for them to consider.      p. 153

The interpretation of contracts is for the Court.          p. 154

Prayers are erroneous which submit to the jury matter proper for the Court to decide.                               p. 154

Prayers are erroneous which submit to the finding of the jury facts which are admitted.                           p. 154

*Decided June 23rd, 1911.*

Appeal from the Baltimore City Court (ELLIOTT, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, URNER and STOCKBRIDGE, JJ.

*Joseph N. Ulman* (with whom were *Samuel J. Harman, Charles H. Knapp* and *Clarence A. Tucker,* on the brief), for the appellant.

Md.]                    Opinion of the Court.

*J. Royall Tippett* (with whom was *R. B. Tippett,* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

The facts out of which this litigation arises are comparatively simple. On the 14th of April, 1906, the Patapsco Stone Company, a corporation organized under the laws of New Jersey, entered into a contract with Hilton J. Doggett to furnish for his account to customers to be secured by him refuse or powdered soap stone to the extent of at least five hundred tons every three months, the same to be delivered f. o. b. cars at Marriottsville, at a stipulated sum per ton, and by a letter dated May 22nd, 1906, to furnish crude soap stone in bulk f. o. b. cars Marriottsville, at a different price. On the 21st of June the defendant notified the stone company that he had orders for 2,865 tons to be shipped during the ensuing twelve months, and by letter dated June 27th, the stone company advised the defendant that they would undertake to fill orders for the amount so named by him. The contract between the parties contained this stipulation: that "the party of the first part (the stone company) shall ship all the refuse or powdered soap stone produced by it that the party of the second part can find customers for up to the limit of its operations, except in case of loss or damage by fire or water, accidents or unavoidable delays beyond the control of the party of the first part, and also except in case the said party of the first part should for any reason cease operations."

The defendant appears from time to time to have sent in orders to the stone company, and the same were shipped by the company up until August, 1906, when by reason of a freshet, a land slide took place at the quarry of the company, and they ceased to make further deliveries, although they do not seem, as late as the month of September of that year, to have abandoned the idea of carrying on business, and from that account filed with the declaration, shipments

appear to have been made as late as August 31st and Sep-
tember 3rd. The present suit is brought by the assignee of
the stone company against the defendant to recover for
certain stone, both crude and powdered, alleged to have been
delivered upon the plaintiff's order and not paid for. The
suit is in the form of an action of assumpsit upon the
common count and not in covenant upon the sealed contract
between the parties. To this the defendant filed general
issue pleas, and the case came up for trial before a jury.
The record presents eighteen bills of exceptions, of which
the last is to the action of the Court upon the prayers, and
the others to various rulings of the Court upon the evidence.

The bills of exceptions numbered respectively 1, 2, 3, 8,
9, 10, 11, 13, 14, 15 and 16 may all be grouped together;
in each instance they are founded upon rulings by the trial
Court on objections to the testimony given by one or another
of the witnesses from books or memoranda, or motions to
strike out such evidence, when such books or memoranda were
not shown to have been books of original entry, or to have
been made under the direction or supervision of the witness
who was testifying, but on the contrary to have been made
by clerks who were not shown to be either dead or unobtain-
able. With regard to testimony of this character the rule
has been repeatedly laid down by this Court that such evi-
dence is not admissible, and that its admission constitutes
reservible error. *Green* v. *Caulk,* 16 Md. 556; *Thomas* v.
*Price,* 30 Md. 483; *Bullock* v. *Hunter,* 44 Md. 416; *Heiskell*
v. *Rollins,* 82 Md. 14; *Richardson* v. *Anderson,* 109 Md.
641; *Hoogewerff* v. *Flack,* 101 Md. 382.

The brief with regard to the first three bills of exception
of the appellee contains the statement that after having been
admitted, the lower Court subsequently struck out the objec-
tionable evidence, but the record does not clearly bear out
this statement, and even if such were the fact, the evidence
admitted and which formed the ground of the other excep-
tions named was improperly before the jury.

The fourth exception raises a question with regard to which there is no exact adjudication in this State. The evidence of Charles A. Williams was being taken in Virginia under the provisions of section 16 of Article 35 of the Code of Public General Laws. The plaintiff was represented at the taking of this evidence, but the defendant was not, and on the reading of the deposition, the 15th question was objected to upon the ground that it was leading, though no such objection appears to have been made or noted at the time when the testimony was taken. On behalf of the defendant it is urged that he was entitled at the hearing to object to the question on the ground of its leading character, and that it was his first opportunity to object because of the expense to which the defendant would be subjected if compelled to be represented by counsel at the taking of foreign depositions. With this contention this Court can not agree; it has long been the recognized rule in this State, that where a question was supposed to be objectionable upon this ground, the objection, and the reason for it must be noted at the time, in order to afford the party propounding the question an opportunity to reframe it in such form that it would not be open to this objection. The rule is a most salutary and wise one if any regard is to be had for the rules of evidence, and the mere question of convenience or expense to a party litigant can not be permitted to outweigh the enforcement of the general rule. The action of the lower Court in this regard was therefore entirely correct.

The fifth exception is based upon the supposed leading character of a question propounded by the trial Court to a witness under examination, and no error is perceived in the ruling of the Court with regard to this exception.

The sixth and seventh exceptions were taken from the action of the Court in sustaining an objection to a question asked of the witness, Tatham, as to the difference between crude stone and powdered stone, and to the admission in evidence of a letter relating to the payments which had been

made by the defendant for certain of the goods shipped upon his order. In both instances the evidence offered was imma·terial to any issue presented in the case, and while the practice of admitting immaterial evidence is unfortunate, since it tends to confuse the minds of the jury as to the real issues, it is not apparent that any injury resulted from the rulings of the Court upon which these exceptions were based, and considerable latitude must always be allowed to the discretion of a trial Court as to the materiality of the evidence sought to be elicited.

The twelfth and seventeenth exceptions both relate to the same aspect of the case, since they deal with the effect produced by the failure of the plaintiff to make shipments of certain of the goods ordered by the defendant. It seems to have been the theory of the defendant, that, from the amount claimed to be due by him to the plaintiff, he was entitled to recoup for losses sustained by him as the result of the non-shipment by the plaintiff of goods which he had ordered. He was relying upon his contract made with the company. From his point of view that contract had been broken by the failure of the company to make its deliveries upon his orders as therein provided, and that as the result of this violation of the contract he was entitled as against any moneys due by him to the stone company for goods delivered, to offset the damages suffered by him as the result of such failure. No claim of set-off appears to have been filed, nor could one have been properly filed in the condition in which the case came to trial; but under the general issue plea the defendant was undoubtedly entitled to give evidence tending to show injury suffered upon which to found a claim of recoupment which was proper to be considered by the jury, and the effect of the ruling of the Court in excluding this evidence was to deny to the defendant the opportunity to place before the jury the evidence upon which he must rely for this claim. This was clearly reversible error.

*Poe on Pleading,* sec. 616; *Abbott* v. *Gatch,* 13 Md. 315; *Warfield* v. *Booth,* 33 Md. 63.

At the conclusion of the evidence the plaintiff offered two, and the defendant four prayers, of which the trial Court granted both prayers of the plaintiff, modified the first prayer of the defendant, and granted it in a modified form. and refused the defendant's second, third and fourth prayers.

We do not perceive any error upon the part of the trial Court in its ruling upon the last three prayers of the defendant, which sought to take the case from the jury upon the ground of failure of evidence, for there was undoubtedly some evidence properly before them upon the points in those prayers referred to, and where there is any evidence, no matter how slight, the Court will never sanction the withdrawal of the case from the jury. To the plaintiff's first prayer the defendant does not seem to make any serious objection; and the second prayer of the plaintiff instructed the jury that under "the undisputed evidence in this case the goods purchased by the defendant from the plaintiff were to be delivered f. o. b. at Marriottsville, Md., and that under the law the defendant was required to accept or reject all grounds purchased by him from the plaintiff at that place." This has been expressly stated to be the law of this State as late as the cases of *Lawder* v. *Mackie Grocery Co.,* 97 Md. 1; *Am. Syrup Co.* v. *Roberts,* 112 Md. 18; and no sufficient reason appears why a departure should be made from the rule there laid down.

The defendant's first prayer was as follows: "If the jury find from the evidence that the plaintiff's claim is for the purchase price of certain lots of powdered and unground refuse soapstone bought by the defendant from the plaintiffs' assignor and delivered by the plaintiffs' assignor to the defendant; and if the jury shall further find that the said stone was purchased by the defendant under and by virtue of the terms of a certain written sealed agreement between the defendant and the plaintiff's assignor dated April 14th, 1906, as modified by a subsequent agreement fixing the price

of unground refuse soapstone, and adopting with reference thereto the other terms of said sealed agreement of April 14th, 1906; and if the jury shall further find that the defendant in pursuance of said sealed agreement as modified notified the plaintiff's assignor by letter dated June 21st, 1906, that he had booked contracts to the amount of 2865 tons of said soapstone to be shipped as wanted during the next succeeding twelve months, and that the plaintiff's assignor had accepted said order and agreed to furnish the said soapstone; and if the jury shall further find that the plaintiff's assignor failed or refused to perform its agreement in the premises to the loss and damage of the defendant, that then the defendant is entitled to offset or recoup against the plaintiff's claim such sum, if any, as the jury may find the defendant lost by reason of such failure to perform by the plaintiff's assignor."

This was modified by the Court by the addition of the words "provided, however, that the jury must also find that the defendant was not in fault under said contract." This addition to the prayer was unfortunate, because it submitted to the jury not only to find what constituted the contract, but what the proper interpretation of that contract was, and the interpretation of a contract is always a matter of law to be ruled upon by the Court; it also submitted to the jury the finding of whether or not there had been a breach of the contract, when by the very nature of the defendant's case the breach was admitted since the defence was the right to recoup, and without a breach of the contract there could be no claim for recoupment. The prayer in the form in which granted, therefore, was calculated to confuse and mislead the jury, while it submitted to them questions for their determination which it was proper should have been passed upon by the Court. *Roberts* v. *Bonaparte,* 73 Md. 191.

For the reasons indicated the judgment below will be reversed, and the cause remanded for a new trial—costs to be paid by the appellee.

*Judgment reveresed and new trial awarded.*
*Costs to appellant.*