# Caffery et ux. *v.* Philadelphia & Reading Railway Company, Appellant.

*Evidence—Book entries—Verification—Records kept by third persons—Discretion of court—Inadmissibility — Trials — Examination—Evidence tending to discredit witness—Admissibility.*

1. What is sufficient verification of book entries to warrant their admission is largely a question for the discretion of the trial judge.

2. Where in an action to recover damages from a railroad company for personal injuries sustained in a collision, it appeared that plaintiff was on her way to Atlantic City; and that, after the accident, she completed her journey and remained there three days, and her condition while there was a controverted question at the trial, and a photograph was offered in evidence showing the plaintiff in a bathing suit, it was not error to refuse to permit the introduction in evidence of records of the establishment where the photograph was made, tending to show that it was taken two days after the accident, where the person who took the photograph was not called as a witness, and where there was nothing to show that the records relating to the photographs were in his handwriting; and where further there was nothing to show that any effort had been made to locate him and bring him to the trial.

3. Evidence of a threat to give false testimony made to one party by a witness of the other is relevant as affecting the truthfulness of such witness, and will not be excluded because expressly made to induce settlement of the case.

4. Where in such case, it appeared that plaintiff had had some

discussion with an uncle who was in the employ of defendant relative to the settlement of the case, and the uncle appeared as witness for the defendant and testified that plaintiff was not injured, it was not error to admit in rebuttal evidence to show that the witness had threatened to "lie the plaintiffs out of court" if they did not settle the case.

*Practice, Supreme Court—Assignments of error.*

5. Error can be assigned only to so much of the charge as was made the subject of exception.

Argued Jan. 16, 1918. Appeals, Nos. 220 and 221, Jan. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1916, No. 4228, on verdicts for plaintiff, in case of Maria B. Caffery and John M. Caffery v. Philadelphia and Reading Railway Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, Maria B. Caffery, for $4,500.00; and for John M. Caffery for $2,650.00, and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence, instructions to the jury, and in refusing a new trial.

*William Clarke Mason,* for appellant.—It was error to permit the introduction of evidence to show that the witness Franciscus had threatened to commit perjury if the case were not settled: Kane v. Rapid Transit Co., 248 Pa. 160.

It was error to refuse to permit the records of the studio to be introduced in evidence: Wells Whip Co. v. Lanners Mutual Fire Insurance Co., 209 Pa. 488; Canfield v. Johnson, 144 Pa. 61; French v. Virginian Ry. Co., 93 Southeastern Reporter 585; Mississippi River

Logging Co. v. Robson, 16 U. S. C. C. A. 400; Continental National Bank v. First National Bank, 108 Tennessee 374; United States for use of Hudson River Stone Supply Co. v. Venable Construction Co., 124 Federal 267; Jones v. Long, 3 Watts 325; Imhoff v. Fleurer, 2 Philadelphia 35; Pollock v. Wagenblast, 1 Philadelphia 18; Lowenstein v. Greenbaum, 65 Pa. Superior Ct. 19.

*Thomas James Meagher*, for appellees.—The trial judge was right in refusing to permit defendant to prove, by books of a photographer, the date on which certain photographs were alleged to have been taken, where the person who took the photographs or who made the entries was not called as a witness and where no efforts to produce him were shown, nor was his handwriting proved; but the books were merely identified by the manager of the establishment as the books of the establishment.

The trial judge was right in admitting evidence in rebuttal that a witness called by defendant who was an uncle of one of the plaintiffs and employed by defendant, and whose evidence showed his hostility to plaintiffs, and whose credibility was seriously in question, had threatened to "lie the plaintiffs out of court" if they would not abandon or settle the case, especially where the liability of the defendant for the accident was not challenged and where defendant was not prejudiced.

OPINION BY MR. JUSTICE WALLING, May 6, 1918:

These are actions by husband and wife for personal injuries to the wife. On August 7, 1916, the plaintiff, Mrs. Caffery, while a passenger on one of defendant's trains, was injured in a collision, under such circumstances as to render the carrier liable therefor. She lived at Coatesville, and, with members of her family, set out that morning for Atlantic City. After the accident she completed her journey and remained at said city for three days when her husband came and took her home. Her

condition while there was a controverted question at the trial; plaintiff's evidence was that she was ill and defendant's that she was well and out as usual enjoying the pleasures of the resort.   On that branch of the case defendant offered a photograph of Mrs. Caffery and members of her party in bathing suits, and evidence that it was taken there at the Palace studio on August 9, 1916.   Another picture, in which Mrs. Caffery appears with others in bathing suits, was admittedly taken at a former visit to the same studio on the eighteenth of the preceding June, and plaintiff's evidence was that both pictures were taken at that time.   Defendant called Mr. Lipp, the manager of the studio, who testified that a separate consecutive number was written in pencil on each negative and that they had a book in which was kept a daily record of the numbers corresponding with those placed on the negatives.   This was to enable the studio to furnish additional photographs from the negatives on file.   Neither of the photographs in question was taken by the manager nor was the number on either negative or in the book made by him; nor, so far as appears, was he present when either photograph was taken or either number written.   It is not shown that he saw the parties or had any personal knowledge of the transaction.   A Mr. Menelick was employed at the studio and seems to have taken these photographs; but he was not called as a witness nor was it shown that the numbers on the negatives, or in the book, were in his handwriting or in the same handwriting.   Mr. Lipp testified that he did not know where Menelick was; but it is not shown that any search, diligent or otherwise, was made to find him.   The trial judge held that the book was not sufficiently proven and declined to admit it in evidence, or to permit a witness to state as facts information obtained therefrom; in which we see no error.   Book entries or other like writings of private parties, to be competent as proof against third parties, must be authenticated by the best evidence attainable.   See 16 Cyc. 1208; 2 Wigmore on

Evidence, Section 1521; Heiskell v. Rollins, 82 Md. 14, s. c. 51 Am. St. Rpts. 455; Terry v. Birmingham National Bank, 93 Alabama 599, s. c. 30 Am. St. Rpts. 87; Post v. Kenerson (Vt.), 52 L. R. A. 552 and note; 2 Wharton on Evidence, Section 1131. The authorities cited for appellant do not conflict with this rule. The same principle applies to photographs, which cannot be received in evidence until verified by the testimony of some qualified person: Wigmore on Evidence, Section 793. What is sufficient verification of book entries to warrant their admission is largely a question for the discretion of the trial judge: 10 Ruling Case Law, p. 1175. Here the best evidence is that of the one who made the entries or who saw them made, and that was not furnished. There was no effort made to find Menelick, and no reason given for failure to produce him as a witness; hence, no ground was laid for the admission of secondary evidence. The fact that Mr. Lipp did not know where Menelick was, did not prove that the latter could not be found, as there was nothing to indicate that any effort had been made to find him. Aside from that, there was no proof or offer of proof that the entries were in Menelick's handwriting. Nothing appears, except that it is a book of the studio wherein was kept a daily record by numbers of the negatives for the convenience of the business, not verified by the one who made the entries therein, nor by proof of his handwriting, nor by anyone having personal knowledge thereof. For lack of proof the book was properly rejected. When duly authenticated such entries may always be used to refresh the recollection of a witness, but it is not necessary here to determine whether in such case they are admissible, as independent evidence, to affect the rights of third parties.

Mrs. Caffery and her two children went to Atlantic City on the occasion of the accident in the company of her uncle, Adam R. Franciscus, who was an employee of the defendant and its principal witness at this trial. The examination tended to disclose some feeling on his

part against the plaintiffs; and it was permissible in cross-examination to bring out the interest he had taken in the defense, even though it might show incidentally that he had tried to bring about a settlement. This was to test the credibility of the witness, not to show an effort on part of defendant to settle the case; no such offer was made or could have been permitted. In fact that part of the cross-examination of this witness to which error is assigned seems entirely harmless. It tends only to show that he had some talk about settling the case with a man whose name he did not know, but thought it might be Howell. We do not see how that could prejudice the defendant.

In rebuttal plaintiffs were permitted to offer testimony to the effect that shortly before the trial they had a conversation with Mr. Franciscus in which he stated that if they did not settle the case he would go into court and lie them out of it. This was relevant and proper as going to his credibility. Evidence of a threat to give false testimony, made to one party by a witness of the other is relevant as affecting the truthfulness of such witness, and will not be excluded because expressly made to induce settlement of the case. The threat of a witness to commit perjury unless a case is settled is not privileged like an offer of a party to compromise litigation. Evidence which affects the credibility of a witness is competent: Magehan v. Thompson, 9 W. & S. 54. "A party seeking to show interest or bias of an adverse witness is not confined to cross-examination but may introduce independent evidence for the purpose": 40 Cyc. 2676. In the discretion of the trial judge, such independent evidence may be offered without previous cross-examination of the adverse witness with reference thereto: Cronkrite v. Trexler, 187 Pa. 100. We see no error in the comments of the trial judge upon the above-mentioned rebuttal evidence; and, in any event, that part of the charge is not properly before us as no exception was taken thereto. Error can only be as-·

signed to so much of the charge as was made the subject of exception.

The assignments of error are overruled and the judg-ments are affirmed.