# BALTIMORE CITY COURT.

Filed January 11, 1928.

WILLIAM B. DURM & COMPANY, INCORPORATED, A BODY CORPORATE,

VS.

THE PENNSYLVANIA RAILROAD COMPANY, A BODY CORPORATE.

*Emory L. Stinchcomb* attorney for plaintiff.

*Bernard Carter & Sons* attorneys for defendant.

FRANK, J.—

The verdict of the jury in this case was for the defendant. The plaintiff's motion for a new trial is based upon three alleged harmful errors made by the Court in its rulings on questions of law.

First. The Court admitted in evidence the original records of the movement at Greenville, New Jersey, of the car involved in this case. The initials and number of the car therein appearing were in the handwriting of Freight Conductor Irwin, a witness duly sworn. The records were produced by the witness, Fay, chief clerk of the assistant trainmaster, in the Greenville yards, who testified as to their authenticity and identified the remaining entries as being in the handwriting of a certain Clark, an employee of the defendant, who, with personal knowledge of their truth, made them in the regular course of his duties. Clark is a non-resident of Maryland. As he is still in the defendant's employment, his deposition probably might have been taken. The admission of these records is claimed to be error.

While entries made by a party to the transaction are not admissible in evidence, those made by a clerk or other person, in the ordinary course of business and contemporaneously with the transaction, are competent evidence. Deland Mining Co. vs. Hanna, 112 Md. 528, 532 and fol.

Entries made by a clerk in the regular course of business are admitted, upon proof of his handwriting, where he is absent from this State. Hetskell vs. Rollins, 82 Md. 14, 15; Stewart vs. American Bridge Co., 108 Md. 200, 217; Sims vs. American Ice Co., 109 Md. 68, 73.

The plaintiff's claim is for less than $500. It grew out of a shipment of beans from Baltimore to Boston over two railroad systems, those of the defendant and of the New York, New Haven and Hartford Railroad Company, through six States and involving the ferrying of the car over a body of water. The car passed through various freight yards, had to be handled a number of times and its transportation involved the services of numerous employees of both railroads. To have produced every employee who took part in its movement would have imposed on the defendant an inconvenience and expense out of proportion to the amount involved. It actually produced eleven witnesses, eight of them non-residents of Maryland and three residents of this State.

In situations such as this, the disposition of the Courts is to relax the

strict rules excluding all forms of hearsay evidence. Particularly is this so where, from the nature of the record kept, the importance of its being accurately made up and the improbability of error, little danger of falsification exists. The better opinion now is that where these conditions obtain, the record should be submitted, even though hearsay and even though the clerk who made the same, being beyond the State, is not produced. The weight of such evidence is for the jury which can be safely counted upon to refuse to it any further consideration than it may be entitled to receive. Globe Indemnity Co. vs. Reinhart, 152 Md. 439, 449 and fol.; Insurance Co. vs. Railroad, 138 N. C. 42, 27 A. L. R. 1453-1462; 3 Wigmore on Evidence (2nd Ed.), Sec. 1530, p. 278.

It may not be amiss here to note that the original account sales of the beans sold in Boston, rendered by the consignee, although pure hearsay, was properly admitted in evidence in favor of the plaintiff against the defendant, in order to show the prices there realized for the goods. P. R. R. Co. vs. Orem Fruit Co., 111 Md. 356, 363; Stevens vs. N. C. Rwy. Co., 129 Md. 215, 221.

Second. Over objection, the Court permitted the Superintendents of Transportation of the two railroads to testify that the movement of the car in question over their respective lines was reasonable. It was objected that, as the question of such reasonableness was the very question to be submitted to the jury, it was improper to ask these questions of witnesses, however expert. Of course, expert witnesses are in numerous instances permitted to express opinions as to the very matter to be decided by the jury. Alienists testify as to the capacity of testators, vendors and donors. Lawyers express their opinions as to what is the foreign common law. Physicians testify as to permanency vel non of personal injuries. These examples may be multiplied indefinitely. The determination of what is a reasonable movement over two large railroads, involving complicated questions of passenger, express and freight traffic and schedules, handling of cars in freight yards and terminals and similar problems, the existence of many of which is unknown to the layman, calls particularly for the help of the expert. When, as in this case, the witnesses, added to their expert knowledge, have an actual, intimate acquaintance with the very kind of car movement under discussion, it would be an unfortunate rule indeed that would deprive the jury of the help that such witnesses can give them. It should be noted that several witnesses on behalf of the plaintiff, engaged in businesses like that of plaintiff, both in Baltimore and Boston, were permitted to testify as to what was reasonable dispatch between Baltimore and Boston.

Third. It is contended that the granting of defendant's third prayer, as modified by the Court, is error. It is charged that the requirement upon the jury to find the movement of the car as testified to by defendant's witnesses as a prerequisite to a verdict for the defendant segregated the facts therein enumerated, emphasized them unduly in the minds of the jury and so had a tendency to lead the jury to disregard, or at least minimize, the other testimony in the case. That prayers may be bad for this reason is obvious. In this case, however, the prayer embraced all the testimony upon this point. The time of departure from Baltimore and of arrival in Boston were undisputed. As to these plaintiff's and defendant's proof was identical. The testimony as to the times of arrival and departure at and from intermediate points was furnished exclusively by defendant and was uncontroverted. No facts, therefore, were segregated. The whole testimony was embodied. The jury was required by the prayer under attack to find reasonable dispatch throughout the car movement. If they did not so find, their verdict could not be for the defendant. In addition, the defendant assumed the burden of convincing the jury that the intermediate movement was precisely as testified to by its witnesses. This was an unnecessary burden, but surely the plaintiff cannot reasonably complain of its assumption by the defendant. Plaintiff's contention that the movement was unreasonably slow could not be unfavorably affected by the obligation assumed by the defendant of satisfying the jury, not only that the entire transportation was conducted with reasonable dispatch, but that each step in it was as the defendant's testimony showed it to be.

The motion for a new trial is overruled.