## MORROW *v.* STATE

[No. 169, October Term, 1947.]

*Decided May 20, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, and HENDERSON, JJ., and BAILEY, Circuit Judge, specially assigned.

*Joseph B. Simpson, Jr.* and *E. Milton Altfeld*, with whom was *Vivian V. Simpson* on the brief, for the appellant.

*J. Edgar Harvey, Assistant Attorney General*, with whom were *Hall Hammond, Attorney General*, and *Walter W. Dawson, State's Attorney for Montgomery County*, on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

William Morrow was tried in the Circuit Court for Montgomery County before the court and a jury, on a

charge of bookmaking on August 9, 1947. His defense was an alibi, *i. e.*, that he was not in Maryland on that date, as testified to by witnesses for the State. The only question pressed on this appeal is the admissibility in evidence of a sales slip or receipt, said to have been obtained by the accused in Union, South Carolina, on August 9, 1947.

Morrow did not take the stand, but produced a witness, Brock, who testified that Morrow and a man named Blake stayed at his home in Union, South Carolina, August 8th and 9th, 1947, and that on the morning of August 9th, he directed Morrow to a garage in Union. Blake testified that he accompanied Morrow on a motor trip to South Carolina, leaving Maryland August 7th, and returning August 14th. He testified that Morrow had difficulty with his car, and bought a new set of spark plugs at a garage in Union on August 9th. He identified a sales slip as one obtained by Morrow in Union on that trip. The slip was then offered in evidence, but the court declined to admit it, or look at it, or to permit further examination of the witness in regard to it. This ruling is urged as reversible error.

The slip in question is a carbon copy on the printed letterhead and form of "A. M. Adams, Esso Station, Pinkney and Academy St. Union, S. C." Written on the form is the date, "Aug. 9th, 1947" and the name of purchaser, "W. E. Morrow". It itemizes "6 qt. oil, Esso - - - - - 2.10" and "8 sparkplugs - - - - - 5.60" a total of "7.70". Written across the face of the slip are the words "Paid. A. M. Adams." Adams was not produced as a witness, nor is there in the record any explanation of the failure to produce the witness other than the fact that he lived outside the State. Counsel made no proffer in connection with the offering of the slip, but apparently showed the court a letter (not in the record) from Adams.

It is clear that the receipt, being the unsworn statement of an absent third party, was hearsay. *Myers v.*

*State,* 137 Md. 496, 501, 113 A. 92. The carbon copy, signed "A. M. Adams" was a duplicate of the original, and hence primary and not secondary evidence. *Goodman v. Saperstein,* 115 Md. 678, 683, 81 A. 695; *Totten v. Bucy,* 57 Md. 446. If it was made contemporaneously with the sale, as it appeared to have been upon its face, it would be better documentary evidence of the transaction, than a subsequent posting of the items in a ledger. The appellant strongly contends that the slip was admissible as an entry made in the regular course of business (Art. 35, § 68, of the Code), or as falling within a recognized exception to the hearsay rule at common law, the witness being unavailable. We think the slip was admissible for the limited purpose for which it was offered. It was offered in corroboration of Blake's testimony that the accused made a purchase in Union upon August 9th, and that he saw the slip delivered. The fact to be proved was that a slip was made out and delivered by Adams on that date, not that Morrow made the payment indicated. The vendor, residing outside the jurisdiction, was presumably beyond the reach of process, and hence unavailable. Compare *Sims v. American Ice Co.,* 109 Md. 68, 73, 71 A. 522; *Heiskell v. Rollins,* 82 Md. 14, 33 A. 263, 51 Am. St. Rep. 455; *Leatherbury v. Bennett,* 4 Har. & McH. 392. Whatever the rule at common law, the statute was clearly intended to liberalize the common law rules on the subject. The entry would seem to meet the tests of "necessity and circumstantial guaranty of trustworthiness." *Backun v. United States,* 4 Cir., 112 F. 2d 635, 639 (laundry ticket); 5 *Wigmore, Evidence* (3d Ed.), § 1522, 1530 A; 35 *Cal. L. R.* 434; 59 *Harv. L. R.* 561 *et seq.*

The State contends that there was no foundation laid, in that there was no proof of regularity or business practice. We think no elaborate foundation is necessary to support an inference that the vendor, in giving a duplicate sales slip to his customer and keeping another for his record, was pursuing a regular business practice. It

is a common practice for merchants to make out sales slips from which to post a ledger. To prove the practice in this particular case would probably require the testimony of out-of-state witnesses. In any event, if the trial court had any doubt upon the point, he should have looked at the slip and permitted further examination of the witnesses by counsel. Compare *Ulm v. Moore-McCormack Lines*, 2 Cir., 117 F. 2d 222, 224. By ruling out the slip unconditionally, we think the court committed a prejudicial error. We cannot say that the slip might not have impressed the jury more than the testimony of the witnesses, for the very reason that it was circumstantial and contemporaneous.

*Judgment reversed and new trial awarded, with costs.*