RONALD S. WATKINS *v.* STATE OF MARYLAND

[No. 959, September Term, 1978.]

\* \* \*

WADDELL KINGWOOD *v.* STATE OF MARYLAND

[No. 962, September Term, 1978.]

*Decided April 19, 1979.*

350

The cause was submitted on briefs to Lowe, Melvin and Liss, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Bradford C. Peabody, Assistant Public Defender,* for appellant Watkins. Submitted by *Alan H. Murrell, Public Defender,* and *Michael R. Malloy, Assistant Public Defender,* for appellant Kingwood.

Submitted by *Stephen H. Sachs, Attorney General, F. Ford Loker, Assistant Attorney General, Warren B. Duckett, State's Attorney for Anne Arundel County,* and *R. David Fordham, Assistant State's Attorney for Anne Arundel County,* for appellee.

Liss, J., delivered the opinion of the Court.

Appellants Ronald S. Watkins and Waddell Kingwood, after being convicted of the crime of common law escape in the Circuit Court for Anne Arundel County, were each sentenced to terms of imprisonment consecutive to the terms they were then serving for other offenses. Each appellant appealed the judgment against him, and the cases were thereafter consolidated in this Court.

(1)

While the cases have been argued and briefed jointly, there are differences which we believe require that they be considered individually. We shall first discuss the Watkins case. Watkins was charged in a two count indictment, the first of which charged him, pursuant to Maryland Code (1957, 1976 Repl. Vol.) Art. 27, Sec. 139, with the statutory crime of escape. He filed a motion to dismiss that count of the indictment on the ground that the statute was

unconstitutional in that its provisions imposed differing penalties for escape from different institutions. The trial judge agreed with that contention, ruled that Art. 27, Sec. 139 was, indeed, unconstitutional, and dismissed the first count charging statutory escape.

Appellant Watkins was also charged in a second count with the crime of common law escape and filed a motion to dismiss that count on the ground that the crime of common law escape had been abrogated by the enactment of the statutory crime of escape. The trial judge denied that motion and Watkins proceeded to trial. Before the trial began, the trial court was advised by counsel that the defendant desired a court trial, the language as recorded in the record being as follows:

> [DEFENSE COUNSEL]: Your Honor, John Welsh of the Office of the Public Defender for [the appellant]. Your Honor, we wish to be tried before this Court and will enter our plea of not guilty.
> COURT: Alright.

The case then proceeded as a court trial, and after hearing the evidence the trial court found the appellant guilty and imposed a six month consecutive sentence. No question has been raised by the appellant as to the sufficiency of the evidence. He does, however, urge that he is entitled to a reversal because the trial judge failed to comply with Maryland Rule 735 d. He is correct. We held in *Biddle v. State,* 40 Md. App. 399, 392 A. 2d 100 (1978), that before a trial court may accept an accused's election of a court trial, the court must comply with the mandatory requirements of that rule. The rule requires that after inquiry of the defendant, the trial court must determine on the record that the defendant has elected to be tried by the court with full knowledge of his right to a jury trial, and that the defendant has voluntarily and knowingly waived his right to a jury trial. It is obvious from the record that the trial court did not comply with Rule 735 d. Under these circumstances, we must reverse the judgment entered against the appellant.

(2)

Kingwood's appeal does not raise the issue of an alleged violation of the provisions of Rule 735 d, nor is there any contention that the evidence was insufficient to support his conviction for common law escape. The principal question raised by his appeal is whether the adoption of Art. 27, Sec. 139, the statutory law of escape, abrogated the common law offense of escape.

At common law, escape was of three kinds, as stated in *Fabian v. State,* 3 Md. App. 270, 275, 293 A. 2d 100 (1968):

1. By the person that hath the felon in his custody, and this is properly an escape; and
2. When the escape is caused by a stranger, and this is ordinarily called a rescue of a felon.
3. By the party himself, which is of two kinds, *viz.*
   i. Without any act of force, and this is a simple escape.

   ii. With an act of force, *viz.* by breach of prison.

1 Hale P.C. 590 as quoted in Perkins *Criminal Law* (1957) Ch. 5, p. 428.

In 4 W. Blackstone, Commentaries *130, stated that: "Breach of prison by the offender ... was felony at the common law; [A]nd to break prison ... when lawfully confined upon any inferior charge, is still punishable as a high misdemeanor by fine or imprisonment."

The Legislature enacted Art. 27, Sec. 139, which provides as follows:

(a) If any offender or person legally detained and confined in the penitentiary or jail, or house of correction, or reformatory, or station house, or any other place of confinement, in this State, escapes he shall be guilty of a felony and on conviction by the Criminal Court of Baltimore City or by the circuit court of the county in which the escape takes place, be sentenced to confinement in the penitentiary, jail or house of correction for whatever additional

period, not exceeding ten years, as the court may adjudge. The sentence so imposed shall be consecutive to the sentence under which the inmate was originally confined and may not be suspended. However, for escapes from the Maryland Correctional Institution — Hagerstown or the Maryland Correctional Training Center — Hagerstown or any juvenile institution which have not involved an assault, the sentence may not exceed confinement for three years.

(b) Upon conviction for a violation of this section, an escapee shall be liable for all expenses incurred in his return to the jurisdiction of the Division of Correction. The Commissioner of Correction may establish whatever regulations and procedures as may be appropriate for charging an escapee with expenses, collection of those expenses, and for conduct of any hearing challenging those expenses. However, the Commissioner shall notify the returned escapee of any charges. A hearing shall be granted to any returned escapee who wishes to challenge the reasonableness of any charges.

(c) If any keeper, deputy, assistant keeper or other person aids or assists in the escape of any offender or person detained and confined, he is guilty of a felony and on conviction by the Criminal Court of Baltimore City or by the circuit court of the county in which the escape takes place, that person shall be sentenced to whatever confinement in the care and custody of the Commissioner of Correction as the court may adjudge, for not more than ten years.

In *Lutz v. State,* 167 Md. 12, 15, 172 A. 354 (1934), the Court of Appeals stated:

In 25 *R. C. L.* 1054, it is said that: "It has been said that statutes are not presumed to make any alterations in the common law further than is expressly declared, and that a statute, made in the affirmative without any negative expressed or

implied, does not take away the common law. The rules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language. In order to hold that a statute has abrogated common law rights existing at the date of its enactment, it must clearly appear that they are repugnant to the act, or the part thereof invoked, that their survival would in effect deprive it of its efficacy and render its provisions nugatory."

Where, however, a statute and the common law are in conflict, the common law yields to the statute to the extent of the inconsistency (*Sutherland on Stat. Const.* sec. 294; 12 C.J. 186), *and a statute which deals with an entire subject-matter is generally construed as abrogating the common law as to that subject.* (Emphasis added.)

The rule is that where a statute and the common law are in conflict the common law yields to the statute to the extent of the inconsistency, but where the legislative intent is shown to encompass an entire area then that statute preempts the common law. *Lutz, supra.* We find that the statute simplified the common law by consolidating the three types of escape into one statute and making all escape a felony. The statute as adopted represented the entire subject matter of the law of escape in Maryland and thereby abrogated the common law of escape and its several classifications as well as the distinction among various acts of escape as misdemeanors or felonies. We hold that the adoption of the escape statute was, in effect, the equivalent of the wooden stake in the heart of Dracula which made impossible the resurrection of the common law by the declaration of the trial judge that the escape statute was unconstitutional. This is evidenced by our holding in *State v. Magliano,* 7 Md. App. 286, 288, 255 A. 2d 470 (1969), where we said:

We concluded [in *Fabian v. State, supra,*] that it was the legislative intent under the statute in effect today, Maryland Code, Article 27, Section 139, *to*

*create a new crime of escape,* although analogous to the common law crime, and that the statutory crime encompasses both the common law "simple escape" and "breach of prison." (Emphasis added.)

*See also Baker v. State,* 205 Md. 42, 106 A. 2d 692 (1954).

Although the defendants succeeded in convincing the trial judge that Art. 27, Sec. 139 was unconstitutional, that ruling has since been reversed in a series of cases in the Court of Appeals. *Clark v. State; Stutzman v. State; Pritchard v. State,* 284 Md. 260, 396 A. 2d 243 (1979).

When the trial judge erroneously declared, at the request of the defendants, that Art. 27, Sec. 139 was unconstitutional, trial could neither proceed pursuant to charges founded upon an "unconstitutional" statute nor upon the abrogated common law. The appellant's trial on the common law offense of escape was a nullity and the judgment must be reversed.

### (3)

Appellant Watkins raises one other issue: whether a testimonial foundation must be established before a commitment record of an inmate may be admitted into evidence under the business record exception to the hearsay rule. In Maryland, before a document is admissible into evidence to prove an act, transaction or event under the business record exception to the hearsay rule, Code (1974, 1978 Cum. Supp.) Cts. and Jud. Pro. Art. sec. 10-101, there must be a showing that when the record was made, it was made in the regular course of business as a memorandum or record of that act, transaction or occurrence.

We said in *Thomas v. Owens,* 28 Md. App. 442, 448, 346 A. 2d 662 (1975): "While normally this foundation is shown by testimonial evidence, the statute [Cts. Art. sec. 10-101, *supra*] sets forth no such requirement. At times a court may properly conclude from the circumstances and the nature of the document involved that the proffered document was made in the regular course of business." *Levine v. Beebe,* 238 Md. 365, 370, 209 A. 2d 67 (1965); *Tellez v. Canton Railroad Co.,*

212 Md. 423, 432, 129 A. 2d 809 (1957); *Morrow v. State,* 190 Md. 559, 59 A. 2d 325 (1948); *Gordon v. State,* 14 Md. App. 245, 257, 286 A. 2d 833, 841 (1972).

Furthermore, the rule in Maryland is that business records may be introduced, even though hearsay in nature, "when the entry meets the test of 'necessity and circumstantial guaranty of trustworthiness.' " *Burroughs International Co. v. Datronics Engineers, Inc.,* 254 Md. 327, 348, 255 A. 2d 341 (1969).

In the present case, the commitment record was introduced into evidence to show that the appellant was legally detained and confined as required by the elements of the offense of common law escape. The fact that the Department of Correction maintains a base file on every prisoner which includes among other documents a commitment document indicates that the record was made in the regular course of business.

However, even if, *arguendo,* the document was incorrectly admitted into evidence, the error was harmless beyond a reasonable doubt, as the guard testified that the appellant was in his custody when the appellant was transported to the hospital. *Dorsey v. State,* 276 Md. 638, 350 A. 2d 665 (1976).

> *Judgment as to Ronald S. Watkins reversed.*
> *Costs to be paid by Anne Arundel County.*
> *Judgment as to Waddell Kingwood reversed.*
> *Costs to be paid by Anne Arundel County.*