## Commonwealth *v.* Schuman, Appellant.

Argued December 9, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. Paul MacElree,* for appellant.

*W. Edward Greenwood,* with him *Raymond B. Reid,* District Attorney and *Walter E. Greenwood,* for appellee.

OPINION BY PARKER, J., January 29, 1937:

The defendant was indicted for a violation of the provisions of the Act of May 13, 1925, P. L. 644 (10 PS 141 et seq.) which relates to and regulates "the solicitation of moneys and property for charitable, religious, benevolent, humane and patriotic purposes." The case came to trial before a judge without a jury pursuant to the Act of June 11, 1935, P. L. 319 (19 PS 786) and at the close of the Commonwealth's case the defendant demurred to the evidence and the Commonwealth concurred in the demurrer. The defendant was found guilty of a violation of §§1 and 7 of the Act of 1925 and sentence was imposed.

The question raised on this appeal is whether religious organizations and persons soliciting by authority of such organizations are subject to the provisions of that act. The Commonwealth's uncontradicted evidence showed that "Watch Tower Bible and Tract Society" is a corporation not for profit incorporated by decree of Court of Common Pleas No. 1 of Allegheny County, December 13, 1884, and its purpose is the dissemination of Bible truths in various languages by means of the publication of tracts, pamphlets, papers and other religious documents and by the use of all other lawful means which its board of directors duly constituted shall deem expedient for the furtherance of the purpose stated, and that the defendant, one of a number of individuals, was engaged in selling and

distributing tracts, books and pamphlets for which he received a small price which was to be used in furthering the purposes of the corporation and promotion of the spread of the truths of the Bible as interpreted by the management of the corporation and other activities regularly pursued by a religious organization.

It was provided by the Act of 1925 that "it shall be unlawful for any person, copartnership, association, or corporation, except in accordance with the provisions of this act, to appeal to the public for donations or subscriptions in money or in other property, or to sell or offer for sale to the public any thing or object whatever to raise money, or to secure or attempt to secure money or donations or other property by promoting any public bazaar, sale, entertainment, or exhibition, or by any similar means for any charitable, benevolent, or patriotic purpose, or for the purpose of ministering to the material or spiritual needs of human beings, either in the United States or elsewhere, or of relieving suffering of animals, or of inculcating patriotism, unless the appeal is authorized by and the money or other property is to be given to a corporation, copartnership, association, or individual holding a valid certificate of registration from the Department of Welfare, issued as herein provided," and that "No person shall solicit or collect any contributions in money or other property for any of the purposes set forth in this act without a written authorization from the corporation, copartnership, or association for which or the individual for whom the contribution is made, and the authorization must be shown to any person on request. The authorization must be signed by an officer of the corporation or member of the copartnership or association for which or by the individual for whom the contribution is collected, and must set forth the percentage of collection, or other compensation for collec-

tion, to be paid to the persons so soliciting or collecting contributions."

The defendant contends that the evidence of the Commonwealth showed no offense and relies upon the provisions of §11 of that act which is as follows: "This act shall not apply to fraternal organizations incorporated under the laws of the Commonwealth, religious organizations, colleges, schools, universities, labor unions, municipalities or subdivisions thereof, community organizations within the Commonwealth, nor to charitable institutions or agencies required by the provisions of existing law to file reports with the Department of Welfare or with any other department or office of the Commonwealth."

We will assume, as the court below in its findings and opinion and the district attorney in his brief did, that the defendant aided and abetted various parties in an appeal for donations or subscriptions and did sell and offer to sell to the public things or objects for the purpose of raising money for the corporation named which was a religious organization. It is claimed that the defendant violated the law in that the corporation did not hold a valid certificate of registration from the Department of Welfare and that the defendant acted without a written authorization from the corporation signed by an officer of the corporation on whose behalf the solicitations were made, setting forth the percentage of collection or other compensation for collection to be paid to the person so soliciting or collecting contributions. That a religious organization is not required to hold a valid certificate of registration from the Department of Welfare seems to us too clear for argument. §11 is the last section of the act but one (the final section deals only with the repeal of former acts) and in comprehensive terms provides that the act shall not apply to religious organizations. If the exemption is given any force and effect it must be held

to exempt religious organizations from the securing of a certificate from the Department of Welfare. Such was the view expressed by this court and the Supreme Court in sustaining the constitutionality of the act in the case of *Commonwealth v. McDermott,* 94 Pa. Superior Ct. 470, 296 Pa. 299, 145 A. 858. The act was there attacked on the specific ground that religious corporations were so exempted. We there said (p. 475): "It was, no doubt, recognized that requiring such written and verified application and certificate of registration, and the further regulation prescribed by the statute, in all cases, would needlessly interfere with the activities of many religious, charitable, benevolent and patriotic organizations, whose work had been long established in their communities and was well and favorably known therein, or was already subject to supervision by the Department of Welfare or some other department or agency of the Commonwealth, or whose operations were of such general and universal interest that the public were so well informed concerning them, that further or official supervision was not considered necessary."

It seems equally clear to all of us that an authorized agent of a religious organization is not required to have or produce written authority from the corporation before he may solicit funds for the exempted organization or do the other things proscribed by the act. The exemption contained in §11 is not confined to the matters prohibited by §1, but provides that *the act* shall not apply to religious organizations which must mean the act in its entirety. Corporations act only through their directors, officers or agents and if the acts of the corporation are not subject to the provisions of the act, certainly the agents did not violate the act when as lawful representatives they were carrying out the purposes of the religious organization. The views which we have expressed are further fortified

when we take account of the usual activities of religious organizations which are known to all. Through their members and officers they solicit funds for the support of the organization; when services are held a plate is passed; at times sales are held and numerous other activities are carried on for the purpose of promoting the work and securing funds. It seems inconceivable to us that when the legislature exempted religious organizations from the provisions of the act they did not take into account the manner in which such funds are solicited in every city, town and hamlet in the Commonwealth. Yet we are asked to hold that the individual who passes a plate in a church, or the ladies who are conducting a sale of baked goods for the support of a church, must be armed with a formidable certificate. The Commonwealth's evidence shows beyond a question and without contradiction that these parties were engaged not primarily in vending books, but in promoting their religious tenets. It may be that the tenets of this organization are not accepted by many, but certainly the legislature in this Commonwealth has not attempted to prescribe a standard of orthodoxy.

The learned court below attempts to sustain the judgment by reading §11 into §1 and ignoring its effect upon §7. To do so is to violate the plain words of the act which are to the effect that the entire act shall not apply to religious organizations and others exempted. If the legislature had intended to affect only section one, it would naturally have made the exemption a part of that section as the court below in its opinion did. The legislature did not so provide.

Judgment reversed and the defendant is discharged.