## Commonwealth v. Schren

*Jack M. Myers*, Assistant District Attorney and *David D. Abrahamsen*, Assistant Deputy Attorney General, for Commonwealth.

*Alfred I. Ginsburg*, for defendant.

*Colbert C. McClain*, for the Veterans of Foreign Wars.

GLEESON, J., January 24, 1961.—Martin Schren was tried before a magistrate on a charge of soliciting funds for a charitable purpose without first having registered with the Department of State as required under the provisions of the Solicitation Act of May 15, 1925, P. L. 644, as amended, 10 PS §141 et seq. Defendant was found guilty of violating the act and now appeals from his summary conviction.

Between 1958 and 1960, defendant was operating under contracts with the American Legion Delaney-

Mora Post No. 26 and Veterans of Foreign Wars Posts, known as the Slook-Montague Post, No. 354 and the Archer-Eppler Post, for the solicitation of funds. Prior to his engagement, the above-mentioned organizations received permission from the Department of Military Affairs to solicit money for an annual "yearbook" or advertising book, the proceeds thereby realized to be used for the entertainment and rehabilitation of hospitalized veterans. The Department of Military Affairs must approve such solicitations under section 11 of the Solicitation Act of May 15, 1925, P. L. 644, as amended, 10 PS §151. Defendant himself has not registered in accordance with the act.

Solicitors employed by defendant contacted people in the community, stating that the funds they were collecting would be used "to take the boys out" to sporting events, dinner and other similar affairs. All contributors were given a receipt which reads, in part, as follows: "We are pleased to assist in the publication of your Annual Yearbook, Salute to Hospitalized Veterans, by subscribing in the sum of . . . . . . . . dollars." The receipt further states that: "If copy for space is not furnished in writing before forms close, we are privileged to prepare it."

The proceeds of these collections were used in connection with the publication of the yearbook, construction of a new home for the Delaney-Mora Post and for outings of hospitalized veterans as well as other expenses incurred by the posts.

The Commonwealth introduced evidence which indicates that in 1958, defendant amassed gross receipts of approximately $57,000, and after expenses of $52,-000, defendant received a net income of $5,000. Solicitors in defendant's employ on a commission basis also testified that they received between $5,000 and $7,500 during 1959.

Section 7(a) of the Solicitation Act, as amended by the Act of June 5, 1947, P. L. 474, sec. 1, 10 PS §147, stipulates that: "(a) No person, corporation, co-partnership or association, wheresoever situate, shall solicit or collect contributions in money or other property for any of the purposes set forth in section one of this act. (1) For or on behalf of any person, corporation, co-partnership or association, nor manage, direct or supervise such solicitation or collections, nor furnish the plan or method therefor, all exceptions or exemptions contained in section eleven of this act to the contrary notwithstanding. (2) And accept or receive pay, bonus, or compensation for so doing, the amount of value of which in one year shall exceed one hundred fifty dollars ($150) either in money or other thing of value, whether as wages, salary, commission, expenses, fees, for supervision or charges for the use of any plan or method. (3) Unless he or it shall have first registered with the Department of Welfare,* and given to it such information relative to his or its solicitation activity as may be required from time to time by the said department's rules or regulations."

It is clear that defendant earned more than $150 in 1958, and, therefore, because he has not registered, it is equally clear that he has violated the act unless he is exempt from its provisions. Defendant points to section 11 of the act which states, in part, that: "This act shall not apply to . . . any war veterans' organization or any subordinate units thereof, wherever the purpose for which it is soliciting funds has been approved by the Department of Military Affairs": Act of May 15, 1925, P. L. 644, as amended, 10 PS §151. And since such permission was obtained by the several

---

* The Department of State now performs these functions. See Reorganization Plan No. 2 of 1955, 71 PS §751-752, Pocket Supp. 1959.

veterans' organizations with whom defendant contracted to collect funds, he now contends that the requirements of the act have been satisfied.

Defendant further relies on Commonwealth v. Schuman, 125 Pa. Superior Ct. 62 (1937). In that case it was held that the conviction of a defendant who solicited funds for a religious organization without having in his possession written authority to do so from the organization on whose behalf he was acting must be reversed, since "The exemption contained in §11 is not confined to the matters prohibited by §1 but provides that *the act* shall not apply to religious organizations which must mean the act in its entirety": Commonwealth v. Schuman, supra, at page 66. Applying this rationale to the instant proceedings, defendant argues that since the exemptions under section 11 apply to the *entire* act, he is not required to register under the 1947 amendment, supra.

However, the Schuman case was decided prior to the 1947 amendment: section 7(a), supra. This new section now specifically refers to section 11 of the act, and in plain language states that no person may solicit funds for charity, ". . . all exceptions or exemptions contained in section eleven of this act to the contrary notwithstanding" if he earns, in return for his services, more than $150 per year, unless he shall first register with the Department of State. In 1937, when the Schuman case was decided, there was no provision in the Solicitation Act which specifically referred to and restricted the exemptions granted to certain charitable organizations under section 11. Under such circumstances, the only reasonable conclusion the court could draw was that the exemptions granted therein applied to the entire act.

Since section 7 of the act in its amendment form does clearly apply to organizations exempt under sec-

tion 11, and since defendant has not complied with the requirements as set forth in section 7 as evidenced by his failure to register in accordance with its terms, it is clear that the act has been violated.

Finally, defendant contends that his solicitations were for the sale of advertising space in the aforementioned "yearbooks", and therefore not covered by the act. However, contributors were told that the proceeds of the "yearbook" were to be used for the entertainment of veterans, and employes of defendant corroborated this testimony. Further, the permission granted to the posts from the Department of Military Affairs to solicit funds is specifically contingent on the use of the proceeds for rehabilitation purposes. And most important, section 1 of the Solicitation Act, supra, states that ". . . it shall be unlawful for any person . . . except in accordance with the provisions of this act, to appeal to the public for donations . . . *or to sell or offer for sale to the public any thing or object* whatever to raise money, or to secure or attempt to secure money or donations or other property by promoting any public bazaar, sale, entertainment, or exhibition, or *by any similar means* for any charitable, benevolent, or patriotic purpose . . ." unless the appeal is authorized and the money is to be given to an association which is registered under the act. The *sale of advertising for benevolent purposes* is clearly included within this section. (Italics supplied.)

There is no complaint of fraud before this court, and the motives of the veterans' organizations in helping hospitalized servicemen are honorable. However, defendant simply did not register with the Department of State as required by law.

Therefore, it is considered and adjudged that defendant, Martin Schren, is guilty of violation of the Solicitation Act of 1925, as amended, and that he be

fined $100 together with costs or undergo imprison-
ment not to exceed 10 days in the county prison. Costs
$7.10. Appeal dismissed.