Commonwealth *v.* Gardner, Appellant.

Argued April 8, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Mortimer C. Rhone,* for appellant.

*Henry C. Hicks,* District Attorney, for appellee.

Opinion by Gawthrop, J., July 2, 1929:

Defendant has appealed from a sentence imposed on conviction of possessing and transporting intoxicating liquor for beverage purposes, in violation of the Act of March 27, 1923, P. L. 34, known as the Snyder Act.

The contentions made before us in his behalf are that the motions to quash the indictment and in arrest of judgment should have been sustained by the court below, because (1) the information does not charge any crime known to the law of Pennsylvania; (2) the indictment does not sufficiently charge a crime; (3) the Act of 1923, supra, contravenes Art. III, Sec. 3, of the Constitution of Pennsylvania, and (4) delegates to the Congress of the United States the power to legislate for the State of Pennsylvania.

(1) The information charged, inter alia, that "on or about the 15th day of February, 1928, one Joseph H. Gardner did unlawfully ...... operate a Dodge coupe ...... upon the public streets of the City of Williamsport, County of Lycoming, and State of Pennsylvania for the purpose of transporting intoxicating liquor, containing more than one-half of one per centum of alcohol, by volume, fit for beverage purposes, and ....... did possess and transport said liquor illegally upon said highways or streets in said city." The complaint made of this information is that it contains no allegation that the possession or transportation charged was within the statutory period; that no date or time is set upon which the alleged offense was committed. We are clearly of opinion that this information charged the illegal possession and transportation of intoxicating liquor by appellant in the County of Lycoming on February 15, 1928. It follows that this contention is wholly devoid of merit.

(2) The indictment contained two counts, the first charging that appellant "unlawfully did transport intoxicating liquor containing more than one-half of one per cent. of alcohol by volume for beverage purposes," and the second charging that he "unlawfully did possess intoxicating liquor containing more than one-half of one per cent. of alcohol by volume for beverage

purposes." These counts are drawn substantially in the language of section 3 of the Snyder Act, which provides that "It shall be unlawful for any person to ...... transport (or) possess ...... within ...... this Commonwealth any intoxicating liquor for beverage purposes, except as hereinafter set forth." Section 2 of the statute provides, inter alia, that "the phrase 'intoxicating liquor' as used in this act, shall mean anything found and determined, from time to time, to be intoxicating by Act of Congress passed pursuant to, and in the enforcement of, the Constitution of the United States of America." The National Prohibition Law, known as the Volstead Act, 41 Stat. at L. 305, which was passed at the first session of the 66th Congress and is the only piece of national legislation enacted on the subject up to the present time, contains the following definition of intoxicating liquor: "The word 'liquor,' or the phrase 'intoxicating liquor,' shall be construed to include alcohol, brandy, whiskey, rum, gin, beer, ale, porter and wine, and in addition thereto any spirituous, vinous, malt or fermented liquids and compounds, whether medicated, proprietary patented or not, and by whatever name called, containing one-half of 1 per centum or more of alcohol by volume which are fit for use for beverage purposes: Provided, that the foregoing definition shall not extend to de-alcoholized wine, nor to any beverage or liquid produced by the process by which beer, ale, porter or wine is produced, if it contains less than one-half of 1 per centum of alcohol by volume, and is made as prescribed in section 58 of this title, and is otherwise denominated than as beer, ale or porter, and is contained and sold in, or from, such sealed and labeled bottles, casks or containers as the commissioner may by regulation prescribe."

The insufficiency of the indictment is urged upon the ground that it did not charge that the intoxicating

liquor alleged to have been possessed and transported by appellant was *fit for use for beverage purposes.* It seems quite clear that no such averment was necessary. The phrase "intoxicating liquor" was a sufficient description of the subject of the possession or transportation, because, by the terms of the definition of that phrase, as declared in the Volstead Act and adopted in the Snyder Act, fitness for use for beverage purposes is an essential attribute of intoxicating liquor. It is not necessary that any of the various attributes thereof should be specifically averred in the indictment. Whether the liquor which appellant was charged with possessing and transporting had the attributes which established it to be "intoxicating liquor" is a matter of proof rather than one of averment. It seems to us that the falacy of appellant's argument lies in the confusing of facts which must be proved with facts which must be averred in the indictment.

(3) The next contention is that the act under which appellant was indicted violates Art. III, Sec. 3, of the Constitution of Pennsylvania, which provides that "no bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." The title of the Snyder Act is as follows: "Concerning alcoholic liquors; prohibiting the manufacture, advertising, furnishing, traffic in, and possession of intoxicating liquors for beverage purposes, and articles and substances designed or intended for use in the manufacture thereof; defining intoxicating liquor; providing for penalties, forfeitures, and the abatement of nuisances; and repealing existing alcoholic liquor laws and alcoholic liquor license laws." Section 1 of the act provides as follows: "Be it enacted, &c., That this entire act is an exercise of the power granted by Amendment XVIII of the Constitution of the United States, and

of the police power of this Commonwealth for the protection of the public welfare, health, peace, safety and morals of the people of this Commonwealth—and all of its provisions shall be liberally construed for the accomplishment of these purposes." It is urged that the act attempts to legislate upon two distinct subjects, viz: The exercise of the power granted by Amendment XVIII of the Constitution of the United States, and the exercise of the police power of the Commonwealth. While it is true that section 1 of the Snyder Act discloses that when the Legislature enacted that statute it had two purposes in view, namely, the enforcement of the Eighteenth Amendment of the Federal Constitution and the exercise of the police power of this Commonwealth, it by no means follows that because the act was passed for a dual purpose it contains more than one subject. The title relates to but a single subject "alcoholic liquors." Inspection of the body of the act discloses that it does not contain a clause or section that is not germane to that subject. As the purposes of the Legislature in enacting the statute do not constitute the subject thereof, it was not necessary that the title should give notice of them. Our conclusion, therefore, is that the Snyder Act does not contravene the provisions of Art. III, Sec. 3, of the Constitution.

(4) The only other question stated by appellant is whether the statute delegates to the Congress of the United States the power to legislate for the State of Pennsylvania. The contention is that when the Legislature of Pennsylvania provided that the phrase "intoxicating liquors," as used in the Snyder Act, "shall mean anything found and determined from time to time to be intoxicating by Act of Congress passed pursuant to, and in the enforcement of, the Constitution of the United States of America," it delegated to the national government law making power vested solely in our

Legislature, contrary to Art. II, Sec. 1, of the Constitution of Pennsylvania. We deem it sufficient to state, (and counsel for appellant concedes it in his brief), that the same question was decided adversely to appellant's contention in Commonweath v. Alderman, 275 Pa. 483, affirming the decision of this court reported in 79 Pa. Superior Ct. 277. While the act there under attack on this ground was that of May 25, 1921, P. L. 407, known as the Woner Act, the phrase "intoxicating liquors" was defined there in language identical with that in the Snyder Act. We are of one mind that the decision in the Alderman case rules this point against appellant and that discussion by us is unnecessary.

All of the assignments of error are overruled and the judgment is affirmed and the record is remitted to the court below, and it is ordered that defendant appear therein at such time as he may be there called and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed when the appeal in this case was made a supersedeas.