## Commonwealth *v.* Grotzner, Appellant.

Argued December 14, 1936.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER and JAMES, JJ.

*William W. McAdams,* for appellant.

*James W. Tracey,* Assistant District Attorney, for appellee.

OPINION BY JAMES, J., January 29, 1937:

Appellant was charged in an indictment containing six counts, with larceny and fraudulent conversion. She was tried by a judge sitting without a jury, found guilty, and from the sentence imposed has taken this appeal.

Appellant was employed as a bookkeeper by the grocery firm of Blumenthal and Hayman from May 1, 1928 until February 21, 1936. From June 28, 1934 to January 3, 1936 she is alleged to have taken and appropriated to her own use various sums of money. During the period when these sums were taken, Mary Swoyer, who was employed as cashier, received the moneys taken in during the course of each day's business. During the day, if the cashier paid out any money, she would make out a voucher detailing the nature and amount of the expenditure, and at the end of the day would transcribe these vouchers into a petty cash book. The cashier would then turn over the cash, vouchers and petty cash book to appellant, who would then check the various items. At the end of each week, appellant would enter the total of all paid out items in what was known as the cash disbursement book. During the period covered by the indictment, the total sum of paid out items, as shown in the petty cash book during the week, would be less than the amount entered by appellant in the cash disbursement book for the corresponding week. The discrepancies during the period amounted to $987. These alleged discrepancies were established by the testimony of an accountant, retained by the employer in the Fall of 1935, who took up with appellant the system employed at the store, how and by whom the various books were kept, checked with

her the records for the first few months during which the shortage occurred, and when asked by this witness, appellant admitted that the entries in the cashier's books were correct. The cashier, who left the employment about the same time as appellant, was not called as a witness by the Commonwealth, nor was any effort made to produce her. Appellant stated to her employer that she did not take all the money, but when called as a witness on her own behalf, testified that $10 or $15 weekly had been extracted by the cashier.

The assignments of error raise the questions whether the petty cash book and the testimony of the accountant, as to its contents, were properly admitted. "It is well recognized that the mere production of books of account without identification is not sufficient to entitle them to admission. They must be accompanied by the oath of the party who made the entries, or by the oath of some person who knew the entries to be correct. The general rule in this respect is that the entries in the book should be proved by the clerk or servant who made them, if he is alive and can be produced. If the entries are not so verified by the person who made them, and it is not shown that such person is dead or absent from the county, they are inadmissible": 10 R. C. L. 1174; *Com. v. Berney*, 28 Pa. Superior Ct. 61, 66. What is sufficient verification of book entries to warrant their admission is largely a question for the discretion of the trial judge: 10 R. C. L. 1175; *Caffery v. Phila. & R. Ry. Co.*, 261 Pa. 251, 255, 104 A. 569.

In recent years, in view of the great growth and expansion of corporate business and because of the necessity resulting therefrom, the hearsay rule applicable to books of entry has been considerably enlarged: *Pinkerton's v. Rosedale Silk Co.*, 121 Pa. Superior Ct. 496, 503, 184 A. 282; but as the entries were made by the cashier, for cash disbursements made by her, we

believe the strictness of the original rule would be applicable to the introduction of the petty cash book. Its admissibility, however, was not dependent upon the application of the hearsay rule, but upon the ground that appellant not only made the entries in the cash disbursement book, but also supervised and checked the entries made by the cashier in the petty cash book, and admitted the correctness of the entries in the latter. "Entries in the books of account of one party may be received as admissions of the adverse party where their correctness has been assented to by the latter, as for example where the entries were made by such party, where they were made and read in his presence without objection on his part, or where they have been used by the parties as the basis of settlement of their accounts. Under such circumstances, it is not necessary that the person by whom the entry was made should be produced as a witness, or that other preliminary proof required by statute for the admission of books of account in favor of the party by or for whom they were kept should be adduced. If the correctness of the entries is admitted they are admissible, although they are not original": 22 C. J. 891; *Darlington v. Taylor,* 3 Grant 195; *Coe v. Hutton,* 1 S. & R. 397.

Appellant's supervision of the books and her admission that the entries in the books were correct, were sufficient to warrant the introduction of the petty cash book and the testimony based thereon.

The assignments of error are overruled and the judgment is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as she may be there called and that she be by that court committed until she has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.