## Commonwealth *v.* Irvine, Appellant.

Argued December 18, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*George H. Detweiler,* for appellant.

*Norris Stanley Barratt, Jr.,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

*Charles S. Solit,* for private prosecutrix.

OPINION BY STADTFELD, J., February 26, 1937:

This is an appeal by defendant from the judgment and sentence under a conviction on an indictment under the Act of May 18, 1917, P. L. 241, charging defendant with fraudulent conversion of a dental plate belonging to the prosecutrix, Margaret Hammond.

The case was tried before BONNIWELL, J., without a jury, on February 14, 1936. Decision was reserved and on February 28, 1936, the court found defendant guilty of fraudulent conversion and adjudged that the defendant pay a fine of $100 and the costs of prosecution, the fine to be paid to the prosecutrix, Margaret Hammond. Motion for new trial was refused in an opinion by the trial judge.

Quoting from the opinion: "The testimony adduced at the trial on February 14, 1936, established that in June 1935, the defendant, Dr. George B. Irvine, a practicing dentist, made a dental plate for the prosecutrix and delivered it to her possession on her promise to pay him $56.50 for his professional services; that in September, 1935, when the prosecutrix called upon the defendant to have the plate adjusted, he demanded payment, and when the prosecutrix refused to pay this bill, the defendant retained the plate.

"The defense presented was, the alleged lien for services was not lost or waived by delivering possession of the plate to the prosecutrix.

"The common law lien of an artisan for work is

merely a right to retain possession of particular goods for particular services rendered, until some charge thereon is paid. It follows that the lien is lost when possession is lost, and a lien once lost cannot be restored by possession. The lien is terminated by an agreement to give credit, or a special contract for a method of payment inconsistent with the lien: Elliott on 'Bailments' (2 Ed.) sec. 94."

The facts, however, do not warrant a conviction under the Act referred to. Under this Act, any person having possession of any property belonging to any other person and who *fraudulently* withholds, converts or applies the same to and for his own use and benefit, is guilty of a misdemeanor.

Quoting further from the opinion of the court below: "The defendant supposed he had a right to hold the plate and that his subsequent acquisition restored the lien to life and resubjected the plate to his claim, and he proceeded on that theory. This amounted to a conversion." With this conclusion we cannot agree. The statement of the court that *"the defendant supposed he had a right to hold the plate"* negatives the idea of a fraudulent conversion. The Act in question requires an *intent* to fraudulently withhold, convert or apply the property of another. The evidence was lacking in that respect. If there was a disputed question of title, the rights of the prosecutrix could have been enforced in action of replevin or a civil action for the value of the plate. There was nothing in the case which warranted a conviction on the indictment. There is also nothing in the law which warranted the court in directing the payment to the prosecutrix of any fine imposed.

The assignments of error are sustained and judgment reversed and defendant discharged.