J-S50028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRYNN WAYNE GRIFFIN | : | |
| | : | |
| Appellant | : | No. 219 WDA 2018 |

Appeal from the PCRA Order January 8, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0009985-1996

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 30, 2018**

Brynn Wayne Griffin appeals from the order entered January 8, 2018, in the Allegheny County Court of Common Pleas, denying his motion for a new trial and arrest of judgment, which the court construed to be a serial petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9451-9546.  Griffin seeks relief from the judgment of sentence of an aggregate six to 20 years' imprisonment, followed by eight years' probation, imposed August 20, 1998, after his non-jury conviction of involuntary deviate sexual intercourse, sexual assault, and aggravated indecent assault[1] for the July 1995 sexual assault of his then fiancée's sister. On appeal, Griffin contends the PCRA court erred in dismissing his petition as

_____

[1] **See** 18 Pa.C.S. §§3123, 3124, and 3125, respectively.

untimely filed when it lacked jurisdiction to try him on felony charges without a jury. We affirm.

The facts and procedural history underlying this appeal are well-known to the parties, and have been summarized in several prior appeals before this Court.[2] Therefore, we need not recite them herein. In summary, Griffin's judgment of sentence became final on November 6, 2003, ninety days after the Pennsylvania Supreme Court denied his petition for review of his direct appeal, and the time for filing a writ of *certiorari* in the United States Supreme Court expired. **See Commonwealth v. Griffin**, 158 A.3d 168 (Pa. Super. 2016) (unpublished memorandum at *2), *appeal denied*, 168 A.3d 1241 (Pa. 2017).

On November 17, 2017, Griffin filed the present motion, *pro se*, in which he sought a new trial and arrest of judgment based upon his assertion that the trial court had no authority to try him on felony charges without a jury. The PCRA court construed the motion to be Griffin's fifth PCRA petition, and,

---

[2] **See Commonwealth v. Griffin**, 809 A.2d 957 (Pa. Super. 2002) (unpublished memorandum) (affirming judgment of sentence on direct appeal), *appeal denied*, 829 A.2d 1156 (Pa. 2003); **Commonwealth v. Griffin**, 959 A.2d 460 (Pa. Super. 2008) (unpublished memorandum) (affirming denial of first PCRA petition), *appeal denied*, 964 A.2d 894 (Pa. 2009); **Commonwealth v. Griffin**, 15 A.3d 523 (Pa. Super. 2010) (unpublished memorandum) (affirming denial of second PCRA petition as untimely filed); **Commonwealth v. Griffin**, 83 A.3d 1067 (Pa. Super. 2013) (unpublished memorandum) (affirming denial of third PCRA petition as untimely filed); **Commonwealth v. Griffin**, 158 A.3d 168 (Pa. Super. 2016) (unpublished memorandum) (affirming denial of fourth PCRA petition as untimely filed), *appeal denied*, 168 A.3d 1241 (Pa. 2017).

on December 15, 2017, issued notice of its intent to dismiss the petition without first conducting an evidentiary hearing. *See* Pa.R.Crim.P. 907. Although Griffin filed a *pro se* response on January 5, 2018, the PCRA court dismissed the petition as untimely filed on January 8, 2018. This appeal followed.[3]

On appeal, Griffin contends the PCRA court erred in dismissing his petition as untimely filed. He argues the trial court lacked "jurisdiction and/or authority to try [him], on a plea of not guilty, of indictable offenses without a jury." Griffin's Brief at 8. Moreover, because the resulting "unconstitutional conviction" is a "legal nullity," Griffin insists his petition is not time-barred. *Id.* at 14.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Here, the PCRA court concluded Griffin's petition was untimely filed, and Griffin failed to establish the applicability of one of the time-for-filing exceptions. *See* PCRA Court Opinion, 2/7/2018, at 1-2.

The requirement that a PCRA petition must be filed within one year of the date the underlying judgment becomes final "is mandatory and

_____

[3] The PCRA court did not order Griffin to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

jurisdictional in nature." ***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014). "The court cannot ignore a petition's untimeliness and reach the merits of the petition." ***Id.***

As noted above, a prior panel of this Court has already determined Griffin's judgment of sentence was final on November 6, 2003, and, therefore, he had until November 6, 2004, to file a timely petition. ***See Griffin***, ***supra***, 158 A.3d 168 (Pa. Super. 2016) (unpublished memorandum at *2). Accordingly, the one before us, filed more than 13 years later, is patently untimely.

Nevertheless, an untimely PCRA petition may still be considered if "the petition alleges and the petition proves" one of the three time-for-filing exceptions set forth at in Subsection 9545(b)(1).[4] ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition alleging any of those exceptions must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Here, Griffin did not assert any of the statutory timing exceptions in his motion. Nor does he allege the applicability of an exception in his appellate

---

[4] The time-for-filing exceptions set forth in Section 9545(b) include: (1) the failure to raise the claim previously resulted from interference by government officials (2) the facts underlying the claim were previously unknown to the petitioner, and could not have been ascertained by the exercise of due diligence; or (3) the right asserted is a newly recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

brief. Rather, he simply contends his "conviction is a legal nullity and cannot be considered procedurally barred, and/or time barred." Griffin's Brief at 14. However, Griffin ignores the fact that the timeliness of a petition is jurisdictional – regardless of the issues raised – and a court may not ignore the untimeliness of a petition in order to address the claims raised therein. ***Taylor***, ***supra***, 67 A.3d at 1248. ***See also Commonwealth v. Peterkin***, 722 A.2d 638, 642 (Pa. 1998) ("It is axiomatic that no constitutional rights are absolute. All rights are subject to reasonable restrictions.").

Accordingly, we find the PCRA court properly dismissed Griffin's petition as untimely filed.[5]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2018

---

[5] We note, too, that Griffin's underlying claim – that the trial court lacked jurisdiction to try him for a felony offense without a jury – is patently meritless. ***See Commonwealth v. Kramer***, 22 A.2d 46, 52 (Pa. Super. 1941) (holding the right to a trial by jury is not so fundamental that "public policy will not allow [a defendant] to waive it."); Pa.R.Crim.P. 620.